WHITWAM, Plaintiff-Respondent, v. WHITWAM,
Defendant-Appellant.

Court of Appeals

*No. 77–759. Submitted on briefs October 23, 1978.—
Decided November 20, 1978.*
(Also reported in 273 N.W.2d 366.)

For the appellant the cause was submitted on the brief of *Sandy Swartzberg* of Milwaukee.

For the respondent the cause was submitted on the brief of *David L. DeYoung,* and *Miller Law Office* of Milwaukee.

Brief Amicus Curiae of Wisconsin Welfare Rights Organization was filed by *Lucy Cooper* and *Anne DeLeo,* and *Legal Action of Wisconsin, Inc.* of Milwaukee.

Before Moser, P.J., Brown and Bode, JJ.

MOSER, P.J. The action for divorce was commenced in July, 1975 and was tried to the court as a default on October 24, 1977. At a temporary hearing held on August 8, 1975, Mr. Whitwam's support obligation was "held open" because he was unemployed. The temporary order

provided that if the wife or children received financial assistance from the county welfare department, Mr. Whitwam was to reimburse the department on such terms as it might direct. Subsequently, Mrs. Whitwam applied for and began receiving public assistance. Through a modified temporary order filed September 29, 1977, the court required Mr. Whitwam to pay child support of $20 per week. Mr. Whitwam paid the required child support in full.

At trial, the court granted the divorce to the plaintiff and disposed of all other issues in accordance with a written stipulation of the parties. At the court's request, Mrs. Whitwam's trial counsel drafted findings of fact and conclusions of law and the judgment which included the "usual orders" concerning social services.

The "usual orders" added to the findings of fact, conclusions of law and judgment read as follows:

IT IS FURTHER ADJUDGED:

That the question of alimony is held open, to be reviewed only in the event either party becomes a public charge in the State of Wisconsin and any such alimony review shall be held upon the merits—except that no alimony shall be awarded which is in excess of the amount of public assistance which may have been furnished or may thereafter be furnished, it being the intention of this Interlocutory Order to be solely for the protection of the public.

IT IS FURTHER ADJUDGED:

That the Department of Social Services has heretofore paid unrefunded public assistance in the sum of $9,233.23 in behalf of the dependents of the parties in this action, and that the present monthly grant by said Department for said dependents is $218.00; that the parties herein shall repay said Department for all sums advanced heretofore and hereafter, in the amount and form required by law.

That in the event at any time hereafter any real estate, in which the parties or either of them have an interest,

shall be sold, the net proceeds of any such sale shall be paid over to the Clerk of Courts and held by said Clerk pending further order of the Court; that any application by either party to withdraw any such real estate sale funds shall be on written Notice of Motion to the Department of Social Services. . . .

On March 8, 1978, Mr. Whitwam moved that the judgment be amended to delete these provisions. The motion was denied April 14, 1978, and Mr. Whitwam appealed.

The issues presented on this appeal are (1) may a future grant of alimony be conditioned on the dependent spouse's receipt of public assistance and limited to the amount of such assistance received, (2) did the trial court have the authority to order the parties to repay the welfare department for all unrefunded public assistance provided before or after the divorce judgment, and (3) did the trial court have the authority to encumber the parties' current and after-acquired real estate for the benefit of the local welfare department.

## CONDITIONAL ALIMONY

A future grant of alimony may not be conditioned upon the dependent spouse's receipt of public assistance. A family court judge's power to make judgments and orders regarding alimony or maintenance is limited to what the statutes allow.[1] Factors to be considered by the family trial court in making a determination of alimony are fixed on the basis of the needs of the wife and the ability of the husband to pay. These needs are ordinarily established by considering the wife's assets, income, her special needs, her age and health, and her customary station in life. The ability of the husband to pay is usually determined by his income, assets and debts, as well as his age and health. These determinations are to be made upon

[1] *O'Neill v. O'Neill,* 17 Wis.2d 406, 117 N.W.2d 267 (1962).

the basis of circumstances existing at the time of the divorce.[2]

The Family Code of Wisconsin[3] provides for certain instances when social welfare agencies become active parties in marital actions. A welfare agency is permitted to maintain a separate cause of action for maintenance (alimony) when a recipient of aid refuses to proceed against a divorced spouse who is under a family court order for maintenance (alimony) of the recipient.[4] A welfare agency can also, by assignment and with the approval of the family court, become a real party in in-

---

[2] *Anderson v. Anderson*, 72 Wis.2d 631, 642–43, 242 N.W.2d 165, 171 (1976).

[3] Sec. 245.001(1), Stats., defines Chapters 245–248 as "The Family Code."

[4] 247.08 **Actions to compel support by spouse.**

. . . .

(2) If the state or any subdivision thereof furnishes public aid to a spouse or dependent children for support and maintenance and such spouse fails or refuses to institute an appropriate court action under this chapter to provide for the same, the person in charge of county welfare activities, the county child support agency or the state department of health and social services shall have the same right as the individual spouse to initiate an action pursuant to this section, for the purpose of securing reimbursement for support and maintenance furnished and of obtaining continued support and maintenance. The title of the action shall be substantially in the following form:

A.B. (Welfare official), on behalf of
C.D. (Spouse)
v.
E.F. (Other spouse)

In counties having a population of 500,000 or more, counsel employed by the department of public welfare, the county child support agency or the department of health and social services shall represent the director or department thereof in any such action and may petition the court to be appointed as guardian ad litem for any minor or incompetent children.

terest for the sole purpose of collecting unpaid alimony.[5]
These provisions are obviously for the protection of the
general public and the taxpayers.

These statutory requirements have not been satisfied
in this case. Therefore, the inclusion of this paragraph
conditioning alimony on the dependent spouse's receipt
of public assistance and the subsequent order denying the
motion to strike this paragraph finds no support in either
the family code or case law. The judgment must there-
fore be amended to delete this provision.

### REPAYMENT OF UNREFUNDED PUBLIC ASSISTANCE

The divorce judgment ordered the parties to pay the
Waukesha County Department of Social Services the un-
refunded amount of $9,233.23 paid heretofore on behalf

---

[5] 247.29 Alimony, clerk of court, family court commissioner,
fees and compensation.

. . . .

(2) If any party entitled to alimony or support money, or both,
is receiving public assistance under ch. 49, such party may as-
sign the party's right thereto to the county department of public
welfare or municipal relief agency granting such assistance. Such
assignment shall be approved by order of the court granting such
alimony or support money, and may be terminated in like manner;
except that it shall not be terminated in cases where there is any
delinquency in the amount of alimony and support money previ-
ously ordered or adjudged to be paid to such assignee without the
written consent of the assignee or upon notice to the assignee and
hearing. When an assignment of alimony or support money, or
both, has been approved by such order, the assignee shall be
deemed a real party in interest within s. 803.01 but solely for the
purpose of securing payment of unpaid alimony or support money
adjudged or ordered to be paid by participating in proceedings to
secure the payment thereof. This provision for a voluntary as-
signment does not apply to child support paid in behalf of re-
cipients of assistance under s. 49.19.

of the dependents of the parties. That judgment also noted that the social service's grant was in the amount of $218 per month and ordered the parties to pay all sums hereafter owed to the department. Mr. Whitwam filed a motion under sec. 806.07(1)(d), Stats., for a modification of the judgment with this paragraph deleted. This motion was denied.

We note that there was a temporary order for support of $20 per week and that such order held open the issue of alimony. We note further that the divorce judgment grants custody to Mrs. Whitwam and ordered support payments in the amount of $25 per week, which judgment adopted the written stipulation of the parties. The record reflects that Mr. Whitwam was current with the court ordered support payments at the time of the divorce judgment and at the time of the denial of the motion to amend.

In the case of Mr. Whitwam, this paragraph of the judgment of divorce amounts to a judgment requiring retroactive support. In essence, it required Mr. Whitwam to pay for public assistance received prior to the divorce for the support of his child. Imposing liability for that assistance made Mr. Whitwam retroactively liable for more than $20 per week. Twenty dollars per week was all Mr. Whitwam was required to pay for child support, prior to the divorce. The order denying the motion to amend accomplished the same purpose. A family trial court has discretion to reduce or eliminate support arrearages with cause or justification.[6] However, a family trial court in Wisconsin has no authority to make an order directing the retroactive increase of support payments.[7] Therefore, this portion of the judgment must be deleted.

---

[6] *Rust v. Rust*, 47 Wis.2d 565, 570, 177 N.W.2d 888, 891 (1970).

[7] *Foregger v. Foregger*, 40 Wis.2d 632, 645, 162 N.W.2d 553, 559 (1968), *rehearing denied* 40 Wis.2d 632, 164 N.W.2d 226 (1969).

The family trial court also lacked authority to impose liability on Mr. Whitwam for prospective public assistance in this manner. A noncustodial parent of any dependent who is unable to maintain himself shall maintain such dependent person as far as able. If the noncustodial parent refuses to supply maintenance funds for a dependent person as far as able, he can, on application to the appropriate court, with proper notice, be compelled to so maintain the dependent person.[8] This procedure protects

[8] *Hansis v. Brougham,* 10 Wis.2d 629, 103 N.W.2d 679 (1960).

52.01 **Liability of relatives; enforcement.** (1)(a) The parent and spouse of any dependent person (as defined in s. 49.01) who is unable to maintain himself shall maintain such dependent person, so far as able, in a manner approved by the authorities having charge of the dependent, or by the board in charge of the institution where such dependent person is; but no parent shall be required to support a child 18 years of age or older.

(b) For purposes of this section those persons receiving benefits under Federal Title XVI or under s. 49.177 shall not be deemed dependent persons.

(c) For the purpose of determining the ability of a parent or spouse to maintain a dependent person, credit granted under s. 71.09(7) shall not be considered.

(2) Upon failure of relatives so to do said authorities or board shall submit to the district attorney a report of its findings, and upon receipt thereof the district attorney shall, within 60 days, apply to the county court of the county in which such dependent person resides for an order to compel such maintenance. Upon such application said district attorney shall make a written report thereof to the county welfare department, with a copy to the chairman of the county board and to the department.

(3) At least 10 days prior to the hearing on said application notice thereof shall be served upon such relatives in the manner provided for the service of summons in courts of record.

(4) The county court shall in a summary way hear the allegations and proofs of the parties and by order require maintenance from such relatives, if of sufficient ability (having due regard for their own future maintenance and making reasonable allowance for the protection of the property and investments from which they derive their living and their care and protection in old age) in the following order: First the husband or wife;

the general taxpaying public. Mr. Whitwam is subject to these statutes as well as future modification or revision of the original judgment concerning support. The appropriate procedures and prerequisites must occur, however, before Mr. Whitwam's liability for public assistance can be established.

In the case of Mrs. Whitwam, there is no common law right of a county to obtain repayment of public relief. The right of a county to recover for relief payments is statutory.[9] A county may sue the recipient of public assistance for the value of aid furnished if the recipient acquires property.[10] It may also sue specifically to re-

then the father; and lastly the mother. Such order shall specify a sum which will be sufficient for the support of such dependent person, to be paid weekly or monthly, during a period fixed therein, or until the further order of the court. If satisfied that any such relative is unable wholly to maintain such dependent person, but is able to contribute to the person's support, the court may direct 2 or more such relatives to maintain the person and prescribe the proportion each shall contribute and if satisfied that such relatives are unable together wholly to maintain such dependent person, but are able to contribute something therefor, the court shall direct a sum to be paid weekly or monthly by each such relative in proportion to ability. Contributions directed by court order, if for less than full support, shall be paid to the department of health and social services and distributed as required by state and federal law. Upon application of any party affected thereby and upon like notice and procedure, the court may modify such order. Obedience to such order may be enforced by proceedings as for a contempt.

[9] *Estate of Bundy*, 81 Wis.2d 32, 36, 259 N.W.2d 701, 704 (1977); *Estate of Peterson*, 66 Wis.2d 535, 540, 225 N.W.2d 644, 646 (1975).

[10] *Estate of Schubert*, 9 Wis.2d 236, 242–43, 101 N.W.2d 95, 98 (1960).

49.08. **Recovery of relief paid.** (1) If any person at the time of receiving relief under this chapter or as an inmate of any county or municipal institution in which the state is not chargeable with all or a part of the inmate's maintenance or as a tuberculosis patient provided for in ch. 149 and s. 58.06(2), or at

cover aid to families with dependent children from recipients who acquire property through gift, inheritance, sale of assets, court judgments, or settlement of damage claims.'' These statutory remedies are for the protection of the general public and the taxpayers, but the department must initiate an action in order to employ these remedies.

any time thereafter, is the owner of property, the authorities charged with the care of the dependent, or the board in charge of the institution, may sue for the value of the relief from such person or the person's estate; but except as hereinafter provided the 10-year statute of limitations may be pleaded in defense in any such action to recover relief. Where the relief recipient is deceased, a claim may be filed against the decedent's estate and the statute of limitations specified in s. 859.01 shall be exclusively applicable. The court may refuse to render judgment or allow the claim in any case where a parent, spouse, surviving spouse or child is dependent on such property for support. The court in rendering judgment shall take into account the current family budget requirement as fixed by the U. S. department of labor for such community or as fixed by the authorities of such community in charge of public assistance. The records kept by the municipality or institution are prima facie evidence of the value of the relief furnished. This section shall not apply to any person who receives care for pulmonary tuberculosis as provided in s. 149.04.

'' 49.195 **Recovery of aid to families with dependent children.** (1) If any parent at the time of receiving aid under s. 49.19 or at any time thereafter acquires property by gift, inheritance, sale of assets, court judgment or settlement of any damage claim, the county granting such aid may sue said parent to recover the value of that portion of the aid which does not exceed the amount of the property so acquired. During the life of said parent, the 10-year statute of limitations may be pleaded in defense against any suit for recovery under this section; and if such property is his homestead it shall be exempt from execution on the judgment of recovery until his death or sale of the property, whichever occurs first. Notwithstanding the foregoing restrictions and limitations, where the aid recipient is deceased a claim may be filed against any property in his estate and the statute of limitations specified in s. 859.01 shall be exclusively applicable. The court may refuse to render judgment or allow the claim in any case where a parent, spouse or child is dependent on such property for support,

Thus, that paragraph of the judgment of divorce requiring both parties to repay the Waukesha Department of Social Services $9,233.23, and noting the grant was in the amount of $218 per month and ordering both parties to pay all such sums due hereafter to the Waukesha Department of Social Services, is a nullity. The family court has no statutory authority or case law authority to buttress its judgment in this manner.

## ENCUMBRANCE OF CURRENT AND FUTURE REAL ESTATE

This paragraph of the disputed judgment and order applies to any real estate owned by either of the parties at the time of the divorce judgment as well as any after-acquired real estate of either party. The effect of this provision is to establish a judicial lien in favor of the Waukesha County Department of Social Services on all of the parties' present or future real estate holdings. The judgment provided that the proceeds of any sale of real estate are to be held by the Clerk of Court and not dis-

---

and the court in rendering judgment shall take into account the current family budget requirement as fixed by the U. S. department of labor for the community or as fixed by the authorities of such community in charge of public assistance. The records kept by the county are prima facie evidence of the value of the aid furnished. Liability under this section shall extend to any stepfather whose family receives aid under s. 49.19 during the period he is a member of the same household, but his liability is limited to such period. This section does not apply to medical and health assistance payments for which recovery is prohibited or restricted by federal law or regulation.

(2) Amounts may be recovered pursuant to this section for aid granted both prior to and after August 31, 1969; and any amounts so recovered shall be paid to the United States, this state and its political subdivisions in the proportion in which they contributed to the payment of the aid granted, in the same manner as amounts recovered for old-age assistance are paid.

tributed until the department has, by notice of motion, been notified and presumably been given an opportunity to assert any claim it may have. Here again, the family trial court has made the department a party to the action by judicial fiat with no statutory or common law supporting authority.

A family trial court has authority to divide and distribute the real estate owned by the parties on the date of the divorce.[12] This authority does not extend to disposing of or limiting the parties from disposing of real property acquired after the divorce judgment.

The family trial court can place a lien on real estate jointly or separately owned by the parties before the divorce is final, at the divorce judgment date, and thereafter. However, it is only authorized to do so under the

---

[12] 247.26 **Alimony, property division.** Upon every judgment of divorce or legal separation, the court may, subject to 247.20, further adjudge for a limited period of time to either party such alimony out of the property or income of the other party for support and maintenance, except no alimony shall be granted to a party guilty of adultery not condoned, and the court may further grant such allowance to be paid by either or both parties for the support, maintenance and education of the minor children committed to the other party's care and custody as it deems just and reasonable. The court may also finally divide and distribute the estate, both real and personal, of either party between the parties and divest and transfer the title of any thereof accordingly, after having given due regard to the legal and equitable rights of each party, the length of the marriage, the age and health of the parties, the liability of either party for debts or support of children, their respective abilities and estates, whether the property award is in lieu of or in addition to alimony, the character and situation of the parties and all the circumstances of the case; but no such final division shall impair the power of the court in respect to revision of allowances for minor children under s. 247.25. A certified copy of such judgment which affects title to real estate shall be recorded in the office of the register of deeds of the county in which the lands so affected are situated.

following conditions: 1. There is a past order for alimony and/or support; 2. The lien is imposed upon *specific* real estate; and 3. The real estate belongs to *the party liable* for alimony or support.[13] On failure to pay such alimony or allowance, the court may enforce the payment by execution or under sec. 295.02, Stats. (civil contempt).[14]

This judgment was not aimed at any specific real estate. It could not have been mandated to secure alimony or support since alimony was held open and Mr. Whitwam was current with his ordered support. This type of judgment or order could not affect Mrs. Whitwam since she was not under any court order for alimony or support. Such a judgment and order could not affect Mr. Whitwam at the time of the divorce judgment since he had been divested of any interest in specific real estate by that same judgment, even though he was the obligor for alimony and support payments under that judgment.

---

[13] *Caldwell v. Caldwell*, 5 Wis.2d 146, 164, 92 N.W.2d 356, 365 (1958).

247.30 **Alimony, payment of and security for.** In all cases where alimony or other allowance shall be adjudged to either party or for the support or education of the children the court may provide that the same shall be paid in such sums and at such times as shall be deemed expedient, and may impose the same as a charge upon any specific real estate of the party liable or may require sufficient security to be given for payment according to the judgment; and upon neglect or refusal to give such security or upon the failure to pay such alimony or allowance the court may enforce the payment thereof by execution or under s. 295.02 or otherwise as in other cases. No such judgment shall become effectual as a charge upon specific real estate until the judgment or a certified copy thereof is recorded in the office of the register of deeds in the county in which the real estate is situated.

[14] Sec. 247.30, Stats.

As discussed above, the statutes allowing the recovery of public assistance from a recipient require the department to start an action for that purpose.[15]

The protection of the general taxpaying public and the reduction of welfare costs are laudable goals. The legislature has provided many ways in which these goals can be attained. The family trial court attempted to accomplish the same result, but its effort failed to comply with the statutory requirements and procedures. Those statutory requisites must be observed not only because they are the law, but also because they afford the procedural safeguards required by due process. Therefore, these three paragraphs of the findings of fact and conclusions of law and the judgment cannot be upheld.

*By the Court.*—Judgment and order reversed and case remanded for further proceedings consistent with this opinion.

---

[15] *See* notes 13–15 *supra* and accompanying text.