STATE EX REL., Respondent, v. Jerald J. REIBLE, Plaintiff: Margaret A. REIBLE, Defendant-Appellant.

Court of Appeals

*No. 78-407. Submitted on briefs April 25, 1979.— Decided July 26, 1979.*
(Also reported in 283 N.W.2d 427.)

For the appellant the cause was submitted on the briefs of *Legal Services of Northeastern Wisconsin, Inc.* and *David J. Le Grand,* staff attorney, of Green Bay.

For the respondent the cause was submitted on the brief of *Francis J. Sailer* of Appleton.

Before Dean, P.J., Donlin, J., and Foley, J.

FOLEY, J. Margaret Reible appeals from that portion of an order modifying her divorce judgment which requires her to pay child support for children in her custody, and which attaches a lien on her share in the family homestead in favor of the Outagamie County Child Support Agency to secure her payment of the support.[1]

---

[1] The lien attaches for the benefit of the state, which holds the right to reimbursement of AFDC payments where there is a child support obligation under §49.19(4)(h), Stats. Section 247.32(1), Stats., permits the county child support agency to petition the

The issue is whether the court, in modifying the Reibles' divorce judgment, had jurisdiction to order the custodial parent to pay child support in order to attach a lien on her property in favor of the agency providing her with monthly AFDC payments.

Jerald and Margaret Reible were divorced in June, 1977. The judgment awarded Margaret custody of the couple's four children, and required Jerald to pay $100 per week for child support. The judgment allowed Margaret to remain in the family homestead until she remarried, moved or died, or until the youngest child reached eighteen, whereupon the home was to be sold. Proceeds of the sale were to be shared equally by Margaret and Jerald. Margaret was required to make all future mortgage payments on the home. The record does not indicate when Margaret began receiving AFDC payments, but approximately six weeks after the divorce Margaret assigned her right to support from Jerald to the state, in accordance with sec. 49.19(4)(h), Stats. (1975).[2]

In February, 1978, Jerald sought and received a reduction in support to $55 per week. In June, 1978, upon the petition of the Outagamie County Child Support Agency, an order to show cause was issued on the ques-

court for modification of a support order on behalf of the state. Section 247.32(1) provides in part:

**Revision of judgment.** (1) After a judgment providing for child support . . . the court may . . . on the petition of either of the parties, or upon the petition of the department of health and social services, a county welfare agency or a child support agency if an assignment has been made under s. 49.19(4)(h) or if either party or their minor children receives aid under ch. 49 . . . revise and alter such judgment respecting the amount of such maintenance or child support and the payment thereof . . . .

[2] The legislature recently amended §49.19(4)(h)1b, Stats., to provide for automatic assignment of any rights to support at the time the recipient applies for aid. *See* §334m, ch. 418, Laws of 1977.

tion of why there should not be an increase in the support ordered by the divorce judgment and subsequent modification. After a hearing, the court ordered an increase in Jerald's support obligation from $55 to $90 per week. Under the order, Jerald would continue to pay $55 per week and there would be a $35 per week accumulating lien against Jerald's half-share of the equity in the Reible homestead, collectible when the house was sold. The court also ordered Margaret to pay $136 per month support in the form of an accumulating lien, in favor of the Child Support Agency, on her share of the equity in the homestead. The combined amounts ordered as support from Margaret and Jerald equaled the $526 per month AFDC benefits received by Margaret.

Jerald has not appealed the order modifying his support obligation, and there is no question that the court acted properly under sec. 247.30, Stats.,[3] in providing for eventual payment by attaching a lien against Jerald's interest in the home. We do not, however, find any basis in the law for the order being appealed which requires Margaret to pay support for children in her custody as a means of allowing the state to recover AFDC benefits received by her.

■

There is no common law right for the state to recover welfare payments. Any recovery provisions must be statutory. *Whitwam v. Whitwam*, 87 Wis.2d 22, 273 N.W. 2d 366 (Ct. App. 1978). In sec. 49.195(1), Stats., the legislature has specifically provided when and how sup-

---

[3] Section 247.30, Stats. (1977), provides in part:
**Enforcement of maintenance payment and child support orders.** In all cases where child support payments . . . are ordered, the court may provide that the same shall be paid in such sums and at such times as shall be deemed expedient, and may impose the same as a charge upon any specific real estate of the party liable . . . .

port payments may be recovered from AFDC recipients. The statute provides in pertinent part:

**Recovery of aid to families with dependent children.** (1) If any parent at the time of receiving aid under s. 49.19 or at any time thereafter acquires property by gift, inheritance, sale of assets, court judgment or settlement of any damage claim, the county granting such aid may sue the parent to recover the value of that portion of the aid which does not exceed the amount of the property so acquired. During the life of the parent, the 10-year statute of limitations may be pleaded in defense against any suit for recovery under this section; and if such property is his or her homestead it shall be exempt from execution on the judgment of recovery until his or her death or sale of the property, whichever occurs first. . . . The court may refuse to render judgment or allow the claim in any case where a parent, spouse or child is dependent on the property for support, and the court in rendering judgment shall take into account the current family budget requirement as fixed by the U.S. department of labor for the community or as fixed by the authorities of the community in charge of public assistance. . . .

This case was not, however, an action brought under sec. 49.195, Stats., nor can it be considered the functional equivalent. The court gave no recognition to the factors which sec. 49.195 requires be considered, and no one addressed the issue of whether Margaret's homestead was property acquired by gift, inheritance, sale of assets, court judgment or settlement of a damage claim "at the time of receiving aid or at any time thereafter." Therefore, the court's jurisdiction to act was confined to its powers under the statutes governing divorce actions. These powers do not include ordering support from a custodial parent in order to attach a lien on her property to secure eventual repayment to the state.

■
The state argues that sec. 247.075, Stats., allows the court to order measures, such as used against Margaret, to obtain reimbursement of AFDC payments. We disagree. Section 247.075 provides:

**State is real party in interest.** Whenever aid under s. 49.19 is provided a dependent, the state shall be deemed a real party in interest within the meaning of s. 803.01 for purposes of securing reimbursement of aid paid, future support and costs as appropriate in an action affecting marriage.

While this section recognizes the state's interest in securing reimbursement for money paid out under welfare grants, it provides no specific measures for recovery, and it does not designate from whom recovery may be sought. If there is a right to obtain a lien against the recipient's property on the basis of an order establishing a monthly support obligation, it must be found elsewhere in the statutes governing divorce actions. Chapter 247, Stats., gives the state no such right.

■
Sections 247.08 (2),[4] 247.29 (2),[5] and 247.32 (1),[6] Stats., provide specific means of receiving reimburse-

[4] Section 247.08 (2), Stats., provides in part:
If the state or any subdivision thereof furnishes public aid to a spouse or dependent children for support and maintenance and the spouse fails or refuses to institute an appropriate court action under this chapter to provide for the same, the person in charge of county welfare activities, the county child support agency or the state department of health and social services shall have the same right as the individual spouse to initiate an action under this section, for the purpose of securing reimbursement for support and maintenance furnished and of obtaining continued support and maintenance. . . .

[5] Section 247.29 (2), Stats., provides:
If any party entitled to maintenance payments or support money, or both, is receiving public assistance under ch. 49, the party may assign the party's right thereto to the county department of social services or public welfare or municipal relief agency grant-

ment of money paid to AFDC recipients. In each section, however, the state's right to pursue its remedy is predicated upon an assignment under sec. 49.19(4)(h), Stats. Section 49.19(4)(h) refers to an assignment by an aid recipient of rights to support from "any other person." The assignment, therefore, gives the state only the rights held by the aid recipient against other persons. Thus, none of these sections contemplate recovery directly from the aid recipient.

In addition, we do not accept the state's argument that sec. 247.25, Stats., which allows the court to "order either or both parents" to pay child support, permits an award of child support in this case against the defendant, the custodial parent, for purposes of reimbursing the state for AFDC payments. Defendant has no income. Support, if ordered, would have to come from assets. The only significant assets is defendant's interest in the home. Construing sec. 247.25 as suggested by the state, would permit avoidance of the requirements of sec.

---

ing such assistance. Such assignment shall be approved by order of the court granting the maintenance payments or support money, and may be terminated in like manner; except that it shall not be terminated in cases where there is any delinquency in the amount of maintenance payments and support money previously ordered or adjudged to be paid to the assignee without the written consent of the assignee or upon notice to the assignee and hearing. When an assignment of maintenance payments or support money, or both, has been approved by the order, the assignee shall be deemed a real party in interest within s. 803.01 but solely for the purpose of securing payment of unpaid maintenance payments or support money adjudged or ordered to be paid, by participating in proceedings to secure the payment thereof. Notwithstanding assignment under this subsection, and without further order of the court, the clerk of court, upon receiving notice that a party or a minor child of the parties is receiving aid under s. 49.19, shall forward all support assigned under s. 49.19(4)(h)1 to the department.

[6] See note 1, *supra*.

49.195, Stats., by permitting reimbursement out of defendant's interest in the home. We will not construe sec. 247.25 to effect this result.

Absent any express authorization in ch. 247 authorizing the court to require support from Margaret Reible or to attach a lien against her property, those portions of the order are vacated. If the state desires to seek reimbursement from Margaret Reible, the specific means provided in sec. 49.195(1), Stats., must be followed.

*By the Court.*—Order affirmed in part and vacated in part.