In re William W. WHITE, a/k/a Col. Bill White, Debtor.

V. J. LUCARELI, Trustee, Plaintiff,

v.

Barbara Lynn WHITE, Defendant.

Bankruptcy No. 80–00918.

Adv. No. 80–0234.

United States Bankruptcy Court, E. D. Wisconsin.

Feb. 4, 1981.

Michael F. Dubis, Waterford, Wis., for plaintiff.

R. Arthur Ludwig, Ludwig & Shlimovitz, S. C., Milwaukee, Wis., for defendant.

DECISION AND ORDER

C. N. CLEVERT, Bankruptcy Judge.

V. J. Lucareli, trustee in bankruptcy for the estate of William White, filed this action challenging the validity of a lien placed on the debtor's real estate in accordance with a stipulation entered by the debtor and his ex-wife, Barbara. Barbara White, then filed the motion for summary judgment which is now before the court.

The record shows that the Whites were divorced on October 19, 1978, by William U. Zievers, Circuit Judge, Kenosha County, Wisconsin. The divorce judgment incorporated by reference a stipulation which was signed by the Whites and filed in the case on August 25, 1978. In the stipulation William White agreed to give Barbara White a continuing lien on a parcel of real estate to

secure his promise to pay her $945.00 per month for 121 months.

After William White filed his bankruptcy petition, the bankruptcy trustee brought this action contending that Wis.Stat. § 247.-30 (1977) [renumbered § 767.30 L. 1979 c. 32] did not authorize a Wisconsin family court to impose liens on real estate in divorce cases, except to secure payment of support, maintenance or attorney's fees, and that no such payments were required by the White's divorce judgment.

In Barbara White's motion for summary judgment, it was argued that Wisconsin law gave the family court ample authority to implement its judgments and that the court could do so by appropriate orders, including orders impressing liens on real estate. It was also argued that the Circuit Court granted Barbara White's lien pursuant to a contract expressed in the stipulation she and the debtor filed in the divorce action and not on the basis of § 247.30.

Section 247.30 states that:

In all cases where alimony or other allowance shall be adjudged to the wife or for the maintenance or education of the children the court may provide that the same shall be paid in such sums and at such times as shall be deemed expedient, and may impose the same as a charge upon any specific real estate of the party liable or may require sufficient security to be given for the payment thereof according to the judgment; and upon neglect or refusal to give such security or the failure to pay such alimony or allowance the court may enforce the payment thereof by execution or otherwise as in other cases. No such judgment shall become effectual as a charge upon specific real estate until the judgment or a certified copy thereof is recorded in the office of the register of deeds in the county in which the real estate is situated.

■ Accordingly, Wisconsin family courts are authorized to impose liens on a party's real estate as security for his or her payment of alimony or support. Therefore, the trustee, citing *Whitwam v. Whitwam*, 87 Wis.2d 22, 273 N.W.2d 366 (1978) and its

reading of § 274.30 has contended that a family court could *only* impose a lien on real estate where: "1. There is a past order for alimony and/or support; 2. The lien is imposed upon specific real estate; and 3. The real estate belongs to the party liable for alimony or support." Id. at 36, 273 N.W.2d at 372.

■ But it appears that the trustee's reliance upon *Whitwam* was misplaced. *Whitwam* must be read within the context in which it was written. There the Wisconsin Court of Appeals was considering whether the divorce court had authority to encumber both parties' future and current real estate as security for the repayment of public assistance grants by the county department of social services. Consequently, it can be safely said that the conditions set forth in *Whitwam* apply to provisions in judgments which reflect judicial determinations as opposed to those which reflect the agreements of the litigants. Any doubt to the contrary is resolved by Chapter 247 of the Wisconsin Statutes.

■ Section 247.10 Wis.Stat. (1977) [renumbered § 767.10 L. 1979 c. 32] allows parties in a divorce proceeding " . . . subject to the approval of the court, [to] stipulate for a division of [their] estate, for alimony, or for the support of children, in case a divorce or legal separation is granted or a marriage is annulled." And Section 247.37 Wis.Stat. (1977) [renumbered § 767.37 L. 1979 c. 32] states that: "Final stipulations of the parties may be appended to the [divorce] judgment and incorporated by reference therein." Thus, parties to a divorce action are authorized by statute to enter stipulations which the family court may then incorporate in its divorce judgment.

■ Therefore it seems clear that Wisconsin Family Courts have ample authority to adopt stipulations entered by the parties before them and provide for the imposition of liens on real estate regardless of whether or not their divorce judgments grant alimony, maintenance or support.

Consequently, this court finds that Barbara Lynn White has a valid lien in the following described real estate, to wit:

Part of the Northwest Quarter of Section 10, Township 1 North, Range 20 East of the Fourth Principal Meridian, lying and being in the Town of Salem, Kenosha County, Wisconsin, and being more particularly described as: Beginning on the East line of said Quarter Section in the center of 256th Avenue at a point 2363.00 feet South from the Northeast corner of said Quarter Section; thence West parallel to the North line of said Quarter Section and along the North line of 79th Street 246.03 feet to the point of beginning of the property to be herein described; thence continuing West along said North line 220.00 feet; thence North parallel to the West line of the East Half of said Quarter Section 160.00 feet; thence East parallel to the North line of 79th Street 220.00 feet to the Northwest corner of the William W. White property; thence South parallel to the West line of the East Half said Quarter Section 160.00 feet to the point of beginning, containing 0.8 acre, be the same more or less.

Part of the Northwest Quarter of Section 10, Township 1 North, Range 20 East of the Fourth Principal Meridian, lying and being in the Town of Salem, and being more particularly described as follows: Beginning on the East line of said Quarter section at a point 2203.00 feet South from the Northeast corner of said quarter section; thence continuing South along the East line of said quarter section, which is the center of 256th Avenue, 160.-00 feet; thence West parallel to the North line of said quarter section .and along and upon the North line of proposed 79th Street; 246.03 feet; thence North parallel to the West line of the East half of said quarter section, 160.00 feet thence East parallel to the North line of said quarter section 246.045 feet to the point of beginning; containing 0.9 acres, be the same more or less. Subject to a public highway over and across the entire East 33.00 feet of the above described.

and that she is hereby entitled to summary judgment.

IT IS SO ORDERED.