O'Neill, Appellant, v. O'Neill, Respondent.

*September 6—October 2, 1962.*

For the appellant there was a brief by *Rummel & Connolly* of Milwaukee, and oral argument by *L. William Connolly*.

For the respondent there was a brief by *Eisenberg & Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of Milwaukee, and oral argument by *Mr. Star.*

DIETERICH, J.  Divorce is a statutory proceeding.[1]  The statutes affecting divorce in this state provide for the support of minor children of the parties.[2]  No jurisdiction or authority is conferred by the divorce statutes on the court to provide in a divorce judgment, or any proceeding in a divorce action, for the support of adult children of the parties.  The statutory provisions are plain and concise limiting the support, maintenance, and education of the children to the period of their minority.  Hence, any order awarding support money for an adult child in a divorce action would necessarily be extrajudicial, a nullity.  *Boehler v. Boehler* (1905), 125 Wis. 627, 104 N. W. 840, and *Halmu v. Halmu* (1945), 247 Wis. 124, 19 N. W. (2d) 317.

---

[1] Sec. 247.01.  "JURISDICTION.  Notwithstanding other statutes and session laws, the circuit court has jurisdiction of all actions affecting marriage . . ."

[2] Sec. 247.23.  "SUPPORT OF WIFE AND CHILDREN; SUIT MONEY. (1) In every action . . . for a divorce . . . to compel support by husband, the court or family court commissioner may, during the pendency thereof, make such orders concerning the care, custody, and suitable maintenance of the minor children, . . ."

Sec. 247.24.  "JUDGMENT; CARE AND CUSTODY, ETC., OF MINOR CHILDREN.  In rendering a judgment of . . . divorce . . . the court may make such further provisions therein . . . concerning the care, custody, maintenance, and education of the minor children of the parties, . . ."

Sec. 247.25.  "REVISION OF JUDGMENT.  The court may from time to time . . . on the petition of either of the parties . . . alter such judgment concerning the care, custody, maintenance, and education of any of the children, . . ."

Sec. 247.08.  "ACTIONS TO COMPEL SUPPORT BY HUSBAND.  If any husband fails . . . to provide for the support . . . of his . . . minor children, the wife may commence an action . . ."

It therefore necessarily follows that that part of the order of the trial court which revises the judgment by awarding support money for the adult child be vacated.

*By the Court.*—The order of the trial court awarding support money for the adult child to the defendant is reversed, and cause remanded with directions to enter an order crediting the payment made under the void order, so as to satisfy the requirement in the judgment for the payment of alimony, to the defendant and support money for the minor children of the parties.