IN RE the MARRIAGE OF: Cindy L. GREENWOOD, n/k/a Cindy L. Colby, Plaintiff-Appellant,

v.

Michael J. GREENWOOD, Defendant-Respondent. †

Court of Appeals

*No. 85–1993. Submitted on briefs January 29, 1986.—Decided February 13, 1986.*
(Also reported in 385 N.W.2d 213.)

For the plaintiff-appellant the cause was submitted on the brief of *Christopher Kinast* and *Kinast Law Office* of Beloit.

For the defendant-respondent the cause was submitted on the brief of *Michael J. Byron* and *Grutzner, S.C., Byron, Holland & Vollmer* of Beloit.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.   Cindy L. Colby appeals from an order establishing child support arrearages due and owing from her former husband, Michael Greenwood, in the amount of $5,753.[1] The issues are whether the trial court erred by: (1) allowing Michael a $1,170 "credit" on his accumulated arrearages; and (2) limiting interest on the arrearages to those accruing after July 2, 1983, the effective date of sec. 767.25(6), Stats. We answer both questions in the affirmative and therefore reverse.

Cindy and Michael were divorced in 1976. Cindy was awarded custody of their minor child, Tiffany, and Michael was ordered to pay child support of $30 per week. Michael fell behind in his payments and by September, 1984, was $6,627.50 in arrears. At that time the parties agreed that Tiffany would change resi-

---

[1] The order also formally changed custody of the Greenwoods' minor child from Cindy to Michael and directed Cindy to pay child support. Those portions of the order are not challenged on appeal.

dences and live with Michael and that Michael's support obligation would cease.

On July 2, 1985, hearings were held on Cindy's petition for a money judgment on the outstanding support arrearages and on Michael's motion for child support. The trial court ordered Cindy to pay support to Michael at the rate of $30 per week. The arrearages due Cindy as of September, 1984, the date of the agreed-upon transfer of custody, were established at $6,627.50, and Michael conceded that he owed Cindy this amount.

Then, *sua sponte,* the court gave Michael a "credit" of $1,170, calculated by multiplying nine months (the length of time Tiffany had been living with Michael) by $30 per week, which the court had just established as Cindy's support obligation to Michael. Cindy's recovery was thus reduced to $5,457.50. The court then considered sec. 767.25(6), Stats., which provides for interest at the rate of 1.5 percent per month on unpaid support obligations, and concluded that Cindy was entitled to interest only on the arrearages arising after the effective date of the statute. Both of the court's rulings involve questions of law, and we review them *de novo. Green Scapular Crusade v. Town òf Palmyra,* 118 Wis.2d 135, 138, 345 N.W.2d 523, 525 (Ct. App. 1984).

## I. THE ARREARAGE CREDIT

Michael concedes that he owed Cindy $6,627.50 in back support at the time he assumed custody of Tiffany in September, 1984. The trial court confirmed Michael's arrearages in that amount but then reduced the figure by $1,170, stating: "I will set the support order for Mrs. Colby at $30.00 per week, and further give Mr.

Colby [sic] a credit for support payments on his arrearages of $1,170, which is calculated at nine months at $30.00 per week." Indeed, Cindy had agreed that Michael's obligation to pay support for Tiffany ended with the 1984 custody transfer, and she was not seeking to recover any support beyond that date. The only inference that can be drawn from the "credit" is that the trial court was making the support order it had just entered against Cindy retroactive to the time of the custody transfer.

A trial court may, in its discretion and for good cause shown, reduce a party's liability for support arrearages. *Rust v. Rust,* 47 Wis.2d 565, 570, 177 N.W.2d 888, 891 (1970). It may not, however, establish support retroactively. *Foregger v. Foregger,* 40 Wis.2d 632, 645, 162 N.W.2d 553, 559 (1968).

In this case, the court was not simply adjusting Michael's liability for the arrearages. The record shows that Michael had been regularly employed for some time, and he testified that he did not dispute his liability for the accrued arrearages as of September, 1984. The effect of the court's action in crediting that amount with the equivalent of nine months worth of the support it had just ordered Cindy to pay Michael was to impose a retroactive support obligation on her, and this it may not do.

## II. INTEREST

Section 767.25(6), Stats., provides as follows: "A party ordered to pay child support under this section shall pay interest at the rate of 1.5% per month on any

amount unpaid, commencing the first day of the first month after the month in which the amount was due." The statute became effective on July 2, 1983, and the trial court concluded that it applied only to arrearages accruing after that date. Cindy's recovery of interest was limited accordingly.

When the phrase "any amount unpaid" is read in conjunction with the concluding language of the sentence, reasonable minds could differ as to its meaning. The interest requirement could be considered as attaching only to support which becomes due and unpaid in the future, as the trial court determined. The language could also be construed as imposing interest on arrearages which were in existence on the act's effective date.

In resolving ambiguities in statutes, we may look to legislative materials which shed light on the intent of the legislature. *State ex rel. Gutbrod v. Wolke*, 49 Wis.2d 736, 742 n.4, 183 N.W.2d 161, 164 (1971). The preamble to the act creating sec. 767.25(6), Stats., states that interest is to be assessed on "any child . . . support payment paid on or after the effective date of this act, regardless of the date of entry of the order for payments." 1983 Wis. Act 27, sec. 2057(1). While far from conclusive, the preamble indicates that the legislature was looking beyond the law's effective date. Payment of accumulated arrearages is no less a "support payment" than is a payment of current support.

The interests and needs of the children of divorced parents are at the heart of any child support system. *Sommer v. Sommer*, 108 Wis.2d 586, 592, 323 N.W.2d 144, 147–48 (Ct. App. 1982). The purpose of providing for interest on unpaid child support is to encourage timely payment of current support for the benefit of

the child and the custodial parent and to provide some compensation for recipients who are not timely paid. Payment of past due arrearages is no less to be encouraged, for not only have the child and the custodial parent been deprived of the payments over time, but the noncustodial parent, contrary to court order, has enjoyed the use and benefit of those funds.

We conclude that sec. 767.25(6), Stats., when read in light of its legislative history and purpose, applies not only to support arrearages accruing after its effective date but also to arrearages accrued as of that date. We therefore reverse and remand to the trial court with directions to enter an order establishing the arrearages due and owing to Cindy Colby at $6,627.50 plus interest on that amount at the rate of 1.5 percent per month from July 2, 1983.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.