IN RE the PATERNITY OF SHELBY N.B.:

STATE of Wisconsin, Petitioner-Appellant,

v.

JEFFRIE C.B., Respondent-Respondent.†

Court of Appeals

*No. 97–2453. Submitted on briefs March 10, 1998.—Decided March 31, 1998.*

(Also reported in 579 N.W.2d 69.)

†Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Donald J. Dunphy*, assistant corporation counsel for Lincoln County, Merrill.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James Wedemeyer* of *Schmitt, Hartley & Koppelman, S.C.* of Merrill.

Before Cane, P.J., Myse and Hoover, JJ.

CANE, P.J.   The sole issue on appeal is whether a trial court has authority to reduce accrued child support arrearages retroactively because the obligor's support payments normally would have been ordered at the lesser rate of a serial family payer. Because the trial court only has the authority to retroactively revise the amount of child support due or the amount of child support arrearages in order to correct a previous error in calculation, we reverse the trial court's order reducing the amount of child support arrearages and the order denying the State's motion for reconsideration.

The issue arises from an October 1993 paternity judgment, ordering Jeffrie C.B. to pay child support at the rate of 17% of his gross income, but no less than $125 per month. At the time, Jeffrie was already subject to a previous child support order in a separate paternity judgment requiring him to pay 17% of his gross income. However, for some reason, the family court was not made aware of the previous support order.

In response to the State's February 1997 order to show cause alleging that Jeffrie should be held in contempt for failing to pay child support under the October 1993 judgment, Jeffrie filed a motion to have the court recalculate the arrearages. The basis for his motion

147

was that originally the court should have ordered his child support to be paid at the lesser rate of a serial family payer (14%) and, therefore, a portion of his child support arrearages should be expunged. The trial court agreed and retroactively revised its child support order to reflect the support payments to be paid at the 14% rate of a serial family payer, thereby reducing his arrearages.

The State contends the trial court was without authority to retroactively reduce the accrued child support arrearages since it was not done to correct a previous error in calculation. We agree. Section 767.32(1m), STATS., provides:

**Revision of certain judgments.**

. . . .

   **(1m)**   In an action under sub. (1) to revise a judgment or order with respect to child support, maintenance payments or family support payments, the court may not revise the amount of child support, maintenance payments or family support payments due, or an amount of arrearages in child support, maintenance payments or family support payments that has accrued, prior to the date that notice of the action is given to the respondent, *except to correct previous errors in calculations*. (Emphasis added.)

When the legislature enacted § 767.32(1m), STATS., it did so for the purpose of reducing the court's authority to retroactively eliminate arrearages. *Schulz v. Ystad*, 155 Wis. 2d 574, 595–96, 456 N.W.2d 312, 320 (1990). Here, both sides agree that the trial court may not retroactively revise the amount of child support due or the amount of arrearages in child support except to correct previous errors in calculation. Thus, the only

question is whether the trial court had corrected a previous error in calculation.

■

Interpretation and application of a statute is a question of law that we review independently of the trial court's determination. *Douglas County Child Support Enforce. Unit v. Fisher*, 200 Wis. 2d 807, 811, 547 N.W.2d 801, 803 (Ct. App. 1996). The objective in interpreting statutory language is to identify and give effect to the intent of the legislature. *See Stockbridge School Dist. v. DPI Boundary Appeal Bd.*, 202 Wis. 2d 214, 219, 550 N.W.2d 96, 98 (1996). In an attempt to construe the legislature's intent, we first consider the plain language of the statute. *See id.* at 220, 550 N.W.2d at 98 (citing *Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519, 522 (1996)). If the meaning of the statutory language is clear, we will not look outside the language of the statute to ascertain legislative intent. *See Ball v. District No. 4 Area Bd. of VT&AE,* 117 Wis. 2d 529, 537–38, 345 N.W.2d 389, 394 (1984).

■

Words in a statute are to be construed according to the common and approved usage, § 990.01(1), STATS., and the approved meaning of a word may be determined by reference to a recognized dictionary, *State v. Mattes*, 175 Wis. 2d 572, 578, 499 N.W.2d 711, 713 (Ct. App. 1993). The word "calculate" is defined as "to determine by mathematical processes." WEBSTER'S NEW COLLEGIATE DICTIONARY 154 (1980).

Jeffrie asserts that the error was the trial court's original failure to order him to pay child support at the lesser serial family obligor rate. That might have been a mistake, but it was not an error in calculation. The legislature, by using the term calculation, restricted

149

the court's authority to revise the amount of child support due or the amount of child support arrearages in mistakes of mathematical errors only. Here, there was no mathematical mistake or error in calculating the amount of child support due or the amount of arrearages. Rather, the trial court was retroactively altering the child support order to conform to what it believed should have been done at the time of the original order. It has been long established by our supreme court that Wisconsin courts shall not retroactively decide what "ought to have been done" in the past. *In re Geith's Estate*, 129 Wis. 498, 507, 109 N.W. 552, 556 (1906). As we recognized in *Strawser v. Strawser*, 126 Wis. 2d 485, 490, 377 N.W.2d 196, 199 (Ct. App. 1985) (quoting *In re Gibson's Estate*, 7 Wis. 2d 506, 515, 96 N.W.2d 859, 864 (1959): "A court cannot modify or amend its judgment to make it conform to what the court ought to have or intended to adjudge." Even a court's nunc pro tunc authority is limited to rectifying what might be termed "mechanical errors" in our judicial system. *Id.*

■

We recognize that strict application of the statute may create an inequitable result for Jeffrie. However, there were remedies available to him at the time of the initial support order if he felt aggrieved.[2] In this case,

---

[2] The State also argues that although Jeffrie had a preexisting child support order at the time of this order, he was not automatically entitled to a serial family payer rate. It states that under the regulations in effect at the time of the October 1997 judgment, the trial court, in its discretion, may grant a serial family payer rate only if he was paying child support under a pre-existing order. WIS. ADM. CODE § HSS 80.04(1) (Aug. 1987). The State contends that because Jeffrie paid no child support under this pre-existing order in 1993, the trial court had no discretion in any event to order support at the reduced

he waited approximately three years before attempting to have the support order changed, and then only in response to the State's contempt proceedings. Thus, because the trial court had no authority to revise the amount of child support due or the amount of child support arrearages retroactively in the absence of an error in calculation, the orders are reversed and the matter is remanded to the trial court for a correct determination of arrearages.

*By the Court.*—Orders reversed and cause remanded.

serial family payer rate. Because of our holding, we need not address this argument.