IN RE the PATERNITY OF ROBERTA JO W.:

ROBERTA JO W., Petitioner-Appellant,

v.

LEROY W., Respondent-Respondent,

PORTAGE COUNTY, a quasi-municipal corporation, Intervenor-Respondent.

Supreme Court

*No. 96–2753. Oral argument February 18, 1998.—Decided May 22, 1998.*

(On certification from the court of appeals.)

(Also reported in 578 N.W.2d 185.)

For the petitioner-appellant there were briefs by *Shane J. VanderWaal* and *VanderWaal Law Firm*, Wausau and oral argument by *Shane J. VanderWaal*.

For the respondent-respondent there was brief by *Russell T. Golla* and *Anderson, Shannon, O'Brien, Rice & Bertz*, Stevens Point and oral argument by *Russell T. Golla*.

For the intervenor-respondent there was a brief by *Brian G. Formella* and *Portage County Corporation Counsel*, Stevens Point and oral argument by *Brian G. Formella*.

Amicus Curiae brief was filed by *John J. Prentice, Andrew T. Phillips* and *Prentice & Phillips*, Milwaukee, for the Wisconsin Counties Association.

¶ 1. WILLIAM A. BABLITCH, J. When Roberta Jo W. was 18 years and eight months old and had graduated from high school, she filed a petition requesting determination of paternity and child support. Because paternity had not been established during her minority, child support had never been ordered nor paid. Roberta Jo appeals the order of the circuit court denying her child support. The issue is whether a circuit court has authority to create a retroactive child support obligation directly for a person who is an adult at the time he or she commenced an action requesting support. We hold that a court has authority

to order child support directly to the person only if the person is less than 19 years old and is pursuing a high school diploma at the time she commenced the action requesting support. Accordingly, we affirm the circuit court's order denying support.

¶ 2.   This case raises an additional issue: whether the circuit court erroneously exercised its discretion when it terminated court-appointed counsel upon the filing of a notice of appeal. We hold that after a notice of appeal is filed, the case is within the jurisdiction of the court of appeals and the circuit court no longer has discretion to terminate court-appointed counsel. Accordingly, we reverse the circuit court order on this issue and remand the cause to the circuit court for determination of appropriate county-paid appellate attorney fees.

¶ 3.   When Roberta Jo was born on March 12, 1976, her mother, JoAnn L., did not name a father on the birth certificate. After JoAnn applied for Aid to Families with Dependent Children and Medical Assistance (AFDC/MA), the district attorney's office interviewed her about Roberta Jo's father. JoAnn named three potential fathers including Leroy W., the respondent. The district attorney's office did not contact JoAnn again regarding Roberta Jo's paternity, and JoAnn did not receive child support for Roberta Jo from any party.[1]

¶ 4.   Roberta Jo turned 18 on March 12, 1994, and graduated from high school in May 1994. On August 12, 1994, the circuit court appointed counsel to represent Roberta Jo in her own paternity action.

---

[1] Prior to the enactment of a legislative amendment, effective July 1, 1981, only the district attorney's office could bring an action to establish paternity. See Wis. Stat. §§ 52.21–52.45 (1977).

¶ 5. In November 1994, Roberta Jo filed a petition requesting that the court determine whether one of two named respondents was her father. She also requested, upon determination of her father, that the court order child support and contribution to her health insurance and medical expenses.

¶ 6. In accord with the procedures set forth in Wis. Stat. §§ 767.45–767.60 (1993–94)[2] for determining paternity the court ordered blood tests of all involved parties. *See* § 767.48. The test results showed a 99.79 percent statistical probability that Leroy is Roberta Jo's father. Because the statistical probability of Leroy's parentage is 99.0 percent or higher, he is rebuttably presumed to be her father. *See* § 767.48(1m).

¶ 7. Leroy then filed a motion for declaratory judgment requesting that the court dismiss Roberta Jo's claims for child support and contributions toward her health insurance and medical expenses. On September 22, 1995, the court ordered that regardless of the paternity determination, Roberta Jo would not be entitled to past, present, or future child support, including educational and health care expenses. The court later denied Roberta Jo's motion for reconsideration of this order. Thereafter, on July 15, 1996, the court determined that Leroy is Roberta Jo's father. About one month later, the circuit court also ordered that when Roberta Jo's time for appeal expired or when she filed a notice of appeal, the court-appointed counsel would be discharged and Portage County would no longer be responsible for any fees incurred. Roberta Jo appealed the circuit court's orders finding that she is not entitled to child support and terminating court-

---

[2] References to Wisconsin Statutes will be to the 1993–94 version unless otherwise noted.

appointed counsel at the filing of a notice of appeal. The court of appeals certified the case to this court pursuant to Wis. Stat. § (Rule) 809.61.

I.

■

¶ 8.   It is well-established in Wisconsin jurisprudence that circuit courts are prohibited from retroactively creating or increasing child support obligations in paternity and divorce actions. Divorce and paternity actions are both statutory proceedings. *See generally* Wis. Stat. ch. 767. The divorce statutes do not confer any authority on the circuit courts to order support of adult children.[3] *See O'Neill v. O'Neill,* 17 Wis. 2d 406, 408, 117 N.W.2d 267 (1962). "The statutory provisions are plain and concise limiting the support, maintenance, and education of the children to the period of their minority. Hence, any order awarding support money for an adult child in a divorce action would necessarily be extrajudicial, a nullity." *Id.* This concept has been consistently applied in divorce actions. *See, e.g., Poehnelt v. Poehnelt,* 94 Wis. 2d 640, 655–56, 289 N.W.2d 296 (1980); *Schmitz v. Schmitz,* 70 Wis. 2d 882, 891, 236 N.W.2d 657 (1975); *Miller v. Miller,* 67 Wis. 2d 435, 439, 227 N.W.2d 626 (1975); *Foregger v. Foregger,* 40 Wis. 2d 632, 645, 162 N.W.2d 553 (1968); *Greenwood v. Greenwood,* 129 Wis. 2d 388, 391, 385 N.W.2d 213 (Ct. App. 1986); *Strawser v. Strawser,* 126 Wis. 2d 485, 489, 377 N.W.2d 196 (Ct. App. 1985); *Whitwam v. Whitwam,* 87 Wis. 2d 22, 30, 273 N.W.2d 366 (Ct. App. 1978).

---

[3] An adult is a person who is 18 years or older. *See* Wis. Stat. §§ 990.02(3) and 48.02(1).

¶ 9. Prohibiting the creation of a child support obligation for an adult child has also been consistently applied in paternity actions. *See, e.g., Gerhardt v. Estate of Moore*, 150 Wis. 2d 563, 574–75, 441 N.W.2d 734 (1989); *In re Paternity of P.J.W.*, 150 Wis. 2d 123, 130, 441 N.W.2d 289 (Ct. App. 1989). "[A] child who has reached majority does not have a cause of action against a parent for an award or modification of child support." *P.J.W.*, 150 Wis. 2d at 130. "Wisconsin case law has...consistently prohibited retroactive increases in [child] support payments. This denial of authority extends to the creation of a support obligation." *Gerhardt*, 150 Wis. 2d at 574–75 (internal citations and footnote omitted).[4]

¶ 10. Given this well-established law in Wisconsin that a circuit court has no authority to retroactively create a child support obligation directly for a person who is an adult at the time she commenced an action requesting support, the resolution of the issue presented by this case depends on whether the legislature has overturned this settled case law. Both parties rely on Wis. Stat. §§ 767.51(3) and 767.51(4) (reprinted below)[5] to advance their respective positions. We dis-

---

[4] Our discussion is limited to the creation of a child support obligation. We in no way comment on the enforcement, in the child's majority, of an already-existing child support obligation. *See, e.g., Griffin v. Reeve*, 141 Wis. 2d 699, 416 N.W.2d 612 (1987) (holding that an adult child may bring a contempt action to enforce a child support obligation created during the child's minority).

[5] Wis. Stat. § 767.51(3) provides in pertinent part:

The judgment or order [of paternity] may contain any other provision directed against the appropriate party to the proceeding, concerning the duty of support, the legal custody and guardianship of the child, periods of physical placement, the furnishing of bond or other security for the payment of the judgment, or any other

cern nothing in these statutes or their legislative history that indicates a legislative intent to overturn Wisconsin's settled precedent that a court has no authority to retroactively create a child support obligation for an adult.

¶ 11. This court reviews questions of statutory interpretation independently, but benefiting from the analysis of the circuit and appellate courts. *See Carlson & Erickson Builders v. Lampert Yards*, 190 Wis. 2d 650, 658, 529 N.W.2d 905 (1995).

■■■■

¶ 12. The goal of statutory interpretation is to ascertain the intent of the legislature. *See In Interest of P.A.K.*, 119 Wis. 2d 871, 878, 350 N.W.2d 677 (1984). To determine legislative intent, this court must first look to the plain language of the statute. *See id.* If the language is ambiguous, the court may turn to legislative history, the context, scope and purpose of the statute. *See id.* A statute is ambiguous if it can be understood differently by reasonably well-informed persons. *See id.* at 878–79. Differing interpretations of a statute does not alone create ambiguity, but rather "equally sensible interpretations of a term by different authorities are indicative" of a statute's ability "to support more than one meaning. . ." *State ex rel. Angela*

---

matter in the best interest of the child. . . .The court shall order either party or both to pay for the support of any child of the parties who is less than 19 years old and is pursuing an accredited course of instruction leading to the acquisition of a high school diploma or its equivalent.

Wis. Stat. § 767.51(4) provides in pertinent part: "Support judgments or orders ordinarily shall be for periodic payments which may vary in amount if appropriate. . . .The father's liability for past support of the child shall be limited to support for the period after the birth of the child."

*M.W. v. Kruzicki,* 209 Wis. 2d 112, 122, 561 N.W.2d 729 (1997) (citation omitted).

¶ 13. Neither the statutory language nor legislative history of Wis. Stat. § 767.51(3) and (4) indicates that the legislature intended to overturn settled law. The legislature has modified § 767.51 several times since courts clarified that a circuit court has no authority to create a child support obligation after the child reaches majority. Despite several opportunities, the legislature has not addressed or questioned this settled law. When ascertaining legislative intent, this court assumes the legislature knew the laws in effect at the time and judicial interpretation of those laws. *See State v. Olson,* 175 Wis. 2d 628, 641, 498 N.W.2d 661 (1993). "Moreover, we presume that the legislature is aware that absent some kind of response this court's interpretation of the statute remains in effect. Legislative silence with regard to new court-made decisions indicates legislative acquiescence in those decisions." *Id.* (internal citations omitted).

¶ 14. Wisconsin Stat. § 767.51(3) provides that "[t]he court shall order either party or both to pay for the support of any child of the parties who is less than 19 years old and is pursuing an accredited course of instruction leading to the acquisition of a high school diploma or its equivalent." At the time this statutory language was first included in Wis. Stat. § 767.51(3) by 1985 Wis. Act 29, § 2401, several cases had already established, based on statutes, that a circuit court had no authority to create a child support obligation after a child attained majority. There is no indication that the legislature intended to alter this established law.

¶ 15. While the legislative history for Wis. Stat. § 767.51(3) is not instructive by itself, the history of the statute's counterpart in the context of divorce is help-

ful. Because Wis. Stat. § 767.25(4) (reprinted below)[6] is identical to the sentence in § 767.51(3) which limits child support to a child who is less than 19 years old and pursuing a high school diploma, we construe the two sections together.

¶ 16. Wisconsin Stat. § 767.25(4) was first introduced as 1979 Wis. Act ch. 196, § 28. In its analysis, the Legislative Reference Bureau (LRB) stated that the statute allows a court which is making an order for child support to extend the duty of the parents to support the child up to the child's 19th birthday if the child is pursuing a high school diploma or its equivalent. A representative from the Legislative Council stated that the intent of the sponsors of this provision was to allow a divorce court to order support for children still in high school after their 18th birthday until they graduated or reached 19. Again, when § 767.25(4) was introduced in 1979, it was well-established that a circuit court has no authority to create a child support obligation after a child reaches adulthood. *See, e.g., Schmitz*, 70 Wis. 2d at 891; *Miller*, 67 Wis. 2d at 439; *Foregger*, 40 Wis. 2d 685; *O'Neill*, 17 Wis. 2d at 408; *Whitwam*, 87 Wis. 2d at 30. Again, the legislature gave no indication that it meant to change case law.

¶ 17. We discern no interpretation of Wis. Stat. § 767.51(3) that could be understood to overturn well-settled law that a court does not have authority to create a child support obligation for an adult. Rather, the legislative history of Wis. Stat. § 767.25(4) indicates that the legislature intended the language

_____

[6] Wis. Stat. § 767.25(4) provides: "The court shall order either party or both to pay for the support of any child of the parties who is less than 19 years old and is pursuing an accredited course of instruction leading to the acquisition of a high school diploma or its equivalent."

(identical to that in § 767.51(3)) to establish the time period during which a person is eligible to receive child support. A court is authorized to order child support only for a child who is "less than 19 years old and is pursuing. . .a high school diploma. . . ." Wis. Stat. § 767.51(3).

¶ 18. The legislature also amended Wis. Stat. § 767.51(4) since the law has been settled that a circuit court may not retroactively create a child support obligation for a person who has reached adulthood. The most recent substantive change to § 767.51(4) was 1987 Wis. Act 27, § 2137(y), effective October 1, 1987. Prior to enactment of this legislation, a father's liability for child support was limited to the time period after the petitioner commenced the action for child support. *See* Wis. Stat. § 767.51(4) (1985–86). 1987 Wisconsin Act 27, § 2137(y) amended the statute to its current form, providing that a "father's liability for past support of the child shall be limited to support for the period after the birth of the child." Wis. Stat. § 767.51(4). On its face, § 767.51(4) provides for when a child support obligation begins. However, there is nothing on the face of the statute nor in the legislative history to indicate that the legislature intended to overturn well-established precedent that a circuit court has no authority to create a child support obligation beyond the period of the child's minority.

¶ 19. Accordingly, because the legislature is presumed to know the law in effect when it creates or amends statutes, we conclude that the well-established precedent has not been altered by Wis. Stat. § 767.51(3) or (4) and the precedent is still good law. The circuit court only has authority to create a child support obligation directly in favor of a person who is

less than 19 years old and is pursuing a high school diploma at the time he or she commences the action requesting support.[7]

¶ 20. We now turn to Roberta Jo's arguments. She makes three arguments to support her position that the circuit court has authority to create a retroactive child support obligation directly in her favor even though she was an adult and had obtained a high school diploma when she commenced the action requesting child support. First, she argues that to harmonize Wis. Stat. §§ 767.51 and 893.88 (reprinted below)[8] to give each its full force and effect, we must construe the 19-year statute of limitations for paternity actions in § 893.88 to also apply to an action for child support subsequent to the judgment of paternity. Second, Roberta Jo argues that § 767.51(4) requires Leroy to retroactively pay child support from Roberta Jo's birth through her high school graduation. Third, she asserts that she has a legislatively recognized right

---

[7] We recognize the anomaly created by our holding in this case and the holding of *Brad Michael L. v. Lee D.*, 210 Wis. 2d 438, 564 N.W.2d 354 (Ct. App. 1997). Essentially, if a child files a paternity action before graduating from high school, as Brad Michael did, under Wis. Stat. § 767.51(3) and (4) the father is liable for past support from the child's birth until the child reaches age 19 or obtains his or her high school diploma. However, if the child files a paternity action when she is less than 19 years old but after graduating from high school, as Roberta Jo did, under settled law the father is not liable for any past child support payments. There was no petition for review filed in this court in *Brad Michael*, the issue in that case is not presently before us, and we do not decide it.

[8] Wis. Stat. § 893.88 provides: "**Paternity actions.** Notwithstanding s. 990.06, an action for the establishment of the paternity of a child shall be commenced within 19 years of the date of the birth of the child or be barred."

to child support and barring her action is a violation of Article I, § 9 of the Wisconsin Constitution. We are not persuaded by any of Roberta Jo's arguments, and we will address each in turn.

¶ 21.  Regarding her first argument, Roberta Jo asserts that the plain language of Wis. Stat. § 893.88 allows a non-marital child the right to seek support consistent with Wis. Stat. §§ 767.51(3) and 767.51(4). Roberta Jo relies on the statement in *In re Paternity of James A.O.*, 182 Wis. 2d 166, 181, 513 N.W.2d 410 (Ct. App. 1994) that § 893.88 "places no restriction on the purposes for which a child might pursue a paternity action." A person may bring a paternity action for unlimited purposes if the action is commenced within 19 years of the person's birth. *See id.*

¶ 22.  We disagree with Roberta Jo's argument. The plain language of Wis. Stat. § 893.88 provides that if an action to establish paternity is not commenced within 19 years of the child's birth date, the paternity action is barred. Contrary to Roberta Jo's assertion, § 893.88 does not refer to any action for any purpose other than an action to establish paternity. The statute of limitations of § 893.88 applies only to commencing an action for the establishment of paternity—not to any related action under Wis. Stat. ch. 767. It is undisputed that because Roberta Jo filed an action to establish paternity before her 19th birthday the circuit court had authority to determine her biological father. We do not perceive that § 893.88 is out of harmony with §§ 767.45–767.60.

¶ 23.  We are also not persuaded that *James A.O.* was meant to apply the 19-year statute of limitations of Wis. Stat. § 893.88 to actions subsequent to determining paternity. The precise issue before the court in *James A.O.* was not the realm of remedies available for

a petitioner who successfully establishes paternity. Rather, the issue facing the court was "whether, under Article I, sec. 9, Wisconsin's 19 year limitation period is unconstitutional to the extent that it denies an adult 'child' the opportunity to gain the remedy of paternity adjudication for *nonsupport-type injuries*." *James A.O.*, 182 Wis. 2d at 172 (emphasis added). The court focused, not on the relationship between Wis. Stat. §§ 893.88 and 767.51, but rather on the constitutionality of imposing a period of limitations on an action to establish paternity. The statement in *James A.O.* that a paternity action may be pursued for unlimited purposes does not mean that once a petitioner successfully establishes paternity, he or she subsequently has a right to related relief such as child support.

¶ 24.   Roberta Jo's second argument is that Wis. Stat. § 767.51(4) requires Leroy to pay her past child support from her date of birth through her high school graduation. As discussed above, § 767.51(4) provides for when a child support obligation begins. The statute does not, however, overturn established precedent that a court may not create a child support obligation for an adult who has obtained a high school diploma.

¶ 25.   Roberta Jo finally argues that denying her past child support is a violation of Article I, § 9 of the Wisconsin Constitution. Article I, § 9 provides that "[e]very person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character. . . ." It is well-established that Article I, § 9 does not confer legal rights. *See Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 189, 290 N.W.2d 276 (1980). Rather, art. I, § 9 "guarantees access to the courts to enforce *existing* rights." *Vandervelden v. Victoria*, 177 Wis. 2d 243, 252, 502 N.W.2d 276 (Ct. App. 1993). *See also, Doering v. WEA*

*Ins. Group*, 193 Wis. 2d 118, 130–31, 532 N.W.2d 432 (1995); *but c.f. Estate of Makos v. Masons Health Care Fund*, 211 Wis. 2d 41, 54–54, 564 N.W.2d 662 (1997) (Steinmetz, J., plurality opinion); *id.* at 59–68 (Crooks, J., concurring). Because the law is settled in this case that Roberta Jo, having reached adulthood and obtained a high school diploma, does not have a right to child support, she does not have an existing right enforceable under art. I, § 9. Therefore, denying Roberta Jo child support is not a violation of art. I, § 9.

¶ 26.   In addition, the legislature has the right to impose reasonable limitations upon remedies available to parties. *See James A.O.*, 182 Wis. 2d at 175 (citing *R.W.L.*, 116 Wis. 2d at 158, 341 N.W.2d 685)). The legislature reasonably limited child support to any child who "is less than 19 years old and is pursuing. . .a high school diploma. . . ." Wis. Stat. § 767.51(3). We note that Roberta Jo did have a right to pursue an action for paternity and subsequent child support since July 1, 1981 when the legislature amended Wis. Stat. § 893.88 to allow children to bring paternity actions on their own behalf. *See* Wis. Stat. § 893.88(2) (1981–82); *In re Paternity of R.W.L.*, 116 Wis. 2d 150, 153–54, 341 N.W.2d 682 (1984). At the time, Roberta Jo was only five years old and had nearly 14 years to bring an action for determination of paternity and requesting child support. Roberta Jo's failure to take action during those 14 years does not now render Wis. Stat. § 767.51(3) an unconstitutional violation of her right to a remedy.

II.

¶ 27.   The second issue presented is whether the circuit court erred in terminating court-appointed

counsel upon the filing of a notice of appeal. We hold that after a notice of appeal was filed, the case was within the jurisdiction of the court of appeals, and the circuit court no longer had discretion to terminate court-appointed counsel.

¶ 28. A circuit court has inherent authority to appoint counsel when, in the exercise of its discretion, it deems such action necessary. *See State ex rel. Chiarkas v. Skow*, 160 Wis. 2d 123, 137, 465 N.W.2d 625 (1991). A court may appoint counsel, not necessarily as a matter of fairness to the litigant, but in the interest of the court itself. *See Joni B. v. State*, 202 Wis. 2d 1, 10, 549 N.W.2d 411 (1996).

¶ 29. Wisconsin Stat. § (Rule) 809.85 provides: "An attorney appointed by a lower court in a case or proceeding appealed to the court shall continue to act in the same capacity in the court until the court relieves the attorney." The "court" in this statute refers to the court of appeals. *See* Wis. Stat. § (Rule) 809.01(4).

¶ 30. Once a timely notice of appeal is filed, the court of appeals gains jurisdiction over the case. *See* Wis. Stat. § (Rule) 809.10(1)(b). The circuit court no longer has discretion to exercise authority over the case. The court of appeals has discretion to determine whether continuation of court-appointed counsel is in the interest of the court or to relieve an attorney from service. *See* Wis. Stat. § (Rule) 809.85. Once a case is before the court of appeals, that court has the discretion to determine what is in its own interests.

¶ 31. We note that Wis. Stat. § 808.075(3) specifies that in any appeal other than a felony appeal, a circuit court "retains the power to act on all issues until the record has been transmitted to the court of appeals." We do not read this section, however, to give

the circuit court discretion to terminate court-appointed counsel until the record is transmitted to the court of appeals. Rather, we follow the rule of statutory construction that a specific statute takes precedence over a general statute. *See Milwaukee v. Kilgore*, 193 Wis. 2d 168, 185, 532 N.W.2d 690 (1995) (citation omitted). Section 808.075 is a general statute. It gives the circuit court authority to act on "all issues" until the record is transmitted. In contrast, Wis. Stat. § (Rule) 809.85 governs a specific aspect of an appeal—whether to continue court-appointed counsel. Section 809.85 provides that court-appointed counsel "shall" continue until the court of appeals relieves the attorney from his or her appointment. This rule is specific to one issue and therefore takes precedence over the general provisions of § 808.075.

¶ 32. Portage County, intervenor-respondent in this case and the entity responsible for paying court-appointed counsel, makes two arguments to support its contention that the circuit court did not err in terminating court-appointed counsel. First, because the circuit court has discretion to appoint counsel, it is within the circuit court's discretion to remove such counsel. Second, Portage County argues that Roberta Jo has no constitutional due process rights warranting the continuation of court-appointed counsel.

¶ 33. The County asserts that Wis. Stat. § (Rule) 809.85 does not apply to this case because it only applies where counsel has not been terminated. At oral argument the County asserted that § (Rule) 809.85 is instructive to counsel and not instructive or prohibitive to the circuit court. The County misunderstands the relevance of filing a notice of appeal. As discussed above, a circuit court no longer has discretion to terminate court-appointed counsel once a notice of appeal is

filed. Once such action is taken, the circuit court's authority is limited, and the court has no authority to terminate court-appointed counsel.

¶ 34. Regarding the County's second argument that Roberta Jo has no constitutional due process rights warranting the continuation of court-appointed counsel, as a matter of judicial prudence this court will not decide constitutional issues if the issue can be resolved on other grounds. *See Kollasch v. Adamany*, 104 Wis. 2d 552, 561, 313 N.W.2d 47 (1981) (citing *Smith v. Journal Co.*, 271 Wis. 384, 390, 73 N.W.2d 429 (1955)). Because we resolve the issue of the circuit court's termination of court-appointed counsel by looking to the statutes and rules of appellate procedure, we need not address the constitutional due process concerns raised by the parties.[9]

¶ 35. In sum, we conclude that a court does not have authority to create a child support obligation directly for a person who is an adult and has received a high school diploma or its equivalent at the time she commences an action requesting support. We also conclude that the circuit court erroneously exercised its discretion when it terminated court-appointed counsel for Roberta Jo upon the filing of a notice of appeal. Accordingly, we affirm the circuit court order that denied Roberta Jo's motion for child support and we reverse the order that terminated Roberta Jo's court-appointed counsel upon the filing of a Notice of Appeal

---

[9] An amicus curiae brief was filed with this court by the Wisconsin Counties Association. The Association asserts that the circuit court erroneously exercised its discretion when it initially appointed counsel for the circuit court proceedings. It argues that although neither party specifically raised or briefed this issue this court should nonetheless exercise its discretion to review the issue. We decline to do so.

and we remand the cause to the circuit court for determination of reasonable appellate attorney fees.

*By the Court.*—The orders of the circuit court are affirmed in part, and reversed in part and cause remanded with directions.

¶ 36. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE (*concurring*). I concur in the mandate. I write separately to point out the state of disarray of the case law dealing with Wis. Const., art. I, § 9. *See Tomczak v. Bailey*, 218 Wis. 2d 245, 578 N.W.2d 166 (1998); *Estate of Makos v. Masons Health Care Fund*, 211 Wis. 2d 41, 564 N.W.2d 662 (1997). I fear that the majority opinion in this case will leave litigants and courts in Wisconsin more perplexed than ever.

¶ 37. *Tomczak* involved a statute of repose requiring a negligence action against an engineer or a land surveyor to be commenced no later than six years after the completion of a survey. The plaintiffs initiated a lawsuit against a surveyor more than six years after the completion of the survey, and the court barred the plaintiffs' action as untimely.

¶ 38. *Makos* involved a statute of repose requiring medical malpractice actions to be commenced within one year from the date the injury was discovered but not later than five years from the date of the act or omission. The plaintiff in *Makos* filed a medical malpractice action after the statute of repose had run, and the court remanded the cause for trial, allowing the plaintiff to pursue the medical malpractice action.

¶ 39. In the case at bar the majority opinion holds that under Wis. Stat. § 767.25(4) a plaintiff may bring an action to recover child support only if she is less than 19 years of age and is pursing a high school

diploma or its equivalent at the commencement of the action. The plaintiff did not fulfill these requirements, and the majority opinion bars her action as untimely.

¶ 40.	In *Tomczak* and *Makos* the plaintiffs had a recognized right to recover funds for negligence; in the case at bar the plaintiff had a recognized right to recover funds for child support. In all three cases the plaintiffs brought the lawsuits after the time periods set by the legislature had run. In all three cases the plaintiffs relied on art. I, § 9 to recover monetary funds. In two cases the plaintiffs lost; in one case the plaintiff won.

¶ 41.	Over the past 14 months the court has addressed challenges under art. I, § 9 in three different cases: *Makos, Tomczak,* and *Roberta Jo*. These cases have produced conflicting opinions with no clear pronouncement from the court interpreting art. I, § 9.

¶ 42.	For the foregoing reasons, I concur in the mandate and write separately.

¶ 43.	I am authorized to state that Justice Ann Walsh Bradley joins this opinion.