# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:          2020AP919

†Petition for Review Filed

Complete Title of Case:


IN RE THE MARRIAGE OF:

LISA M. ZIMMER,

            PETITIONER-APPELLANT,

STATE OF WISCONSIN,

            CO-APPELLANT,

      V.

MICHAEL P. ZIMMER,

            RESPONDENT-RESPONDENT.†


| | |
|---|---|
| Opinion Filed: | May 12, 2021 |
| Submitted on Briefs: | January 28, 2021 |


| | |
|---|---|
| JUDGES: | Neubauer, C.J., Reilly, P.J., and Davis, J. |
| Concurred: | |
| Dissented: | |


| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Emily E. Parks* of *Parks Law Offices, LLC*, Fond du lac. |
| | On behalf of the co-appellant, the cause was submitted on the brief of *Clayton P. Kawski*, assistant attorney general, and *Joshua L. Kaul*, attorney general. |

Respondent
ATTORNEYS: On behalf of the respondent-respondent, the cause was submitted on the brief of *Daniel Kaminsky* of *Kaminsky Law, S.C.*, Fond du Lac.

# COURT OF APPEALS
# DECISION
# DATED AND FILED

## May 12, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP919**

Cir. Ct. No. **2014FA546**

STATE OF WISCONSIN

IN COURT OF APPEALS

IN RE THE MARRIAGE OF:

LISA M. ZIMMER,

PETITIONER-APPELLANT,

STATE OF WISCONSIN,

CO-APPELLANT,

V.

MICHAEL P. ZIMMER,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Fond du Lac County: PETER L. GRIMM, Judge. *Reversed and cause remanded with directions*.

Before Neubauer, C.J., Reilly, P.J., and Davis, J.

¶1    DAVIS, J.  Child support payments in a divorce are typically ordered as monthly lump sum payments derived under a formula prescribed by state law. That formula computes payments based on the payer's income multiplied by a percentage, which varies depending on the number of minor children.  *See* WIS. ADMIN. CODE § DCF 150.03(1).  Where multiple children are involved, as each child reaches the age of majority, the paying parent can seek modification to reduce ongoing payments to the remaining minor children, based on the reduced applicable percentage.  All else being equal, the court would ordinarily order such modification upon the payer's motion and reduce support payments accordingly.

¶2    Less clear is what happens when the payer fails to promptly file such a motion and, instead, continues to pay or incur the original ongoing support amount for some time after one of the children ages out.  The issue in such a case is whether an order on a belated modification motion can be given retroactive effect, so as to reduce or allow for a credit against arrears, or even a refund.  Those are the facts here.  Lisa Zimmer (Lisa) and the State[1] appeal from a circuit court order reducing Michael Zimmer's (Michael) child support arrears, entered as part of an action to modify child support.  It is undisputed that Michael did not move to modify the support order concerning his three minor children until two years after the eldest, Heidi had reached the age of majority under WIS. STAT. § 767.511(4).  Michael argued below that his support obligation should have "reduced automatically" when Heidi aged out and that the "overages" he paid should be credited towards arrears. The circuit court agreed and modified arrears accordingly.

---

[1]  The State appeals as a real party in interest under WIS. STAT. § 767.205(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.  Except where expressly noted, we refer to the appellants collectively as "Lisa."

¶3      We conclude that our legislature has already decided whether a child support order can be applied retroactively, and has answered this question in the negative.  Under WIS. STAT. § 767.59(1m), a payment modification order is prospective only.  This means that a court cannot, on the basis of one child's having reached the age of majority, refund or credit child support payments made prior to notice being given in an action to modify an ongoing support obligation.  Consequently, we reverse.

**BACKGROUND**

¶4      Lisa and Michael married in 1993, had four children during the marriage, and divorced in January 2016.  The divorce judgment ordered Michael to pay "$3,266.62 per month commencing September 15, 2015" for the three children who were minors.  Heidi, the eldest of the three, reached the age of majority in June 2017.  By law, this event provided Michael grounds to reduce his support obligation, but he did not then move to do so.  Two years later, in July 2019, Michael moved to modify the child support order, requesting that the "overages" he had paid since June 2017 be credited towards accumulated arrears.

¶5      A family court commissioner held a hearing on the motion and denied it, finding that the statutory child support scheme precluded it from modifying arrears in this manner.  Michael filed for de novo review in the circuit court.  That court reversed, relying on Wisconsin law holding that a court cannot order a parent to pay child support for an adult child.  *See Poehnelt v. Poehnelt*, 94 Wis. 2d 640, 655-66, 289 N.W.2d 296 (1980).  The circuit court concluded that any support Michael paid for Heidi past her age of majority violated the law and was tantamount to an error in calculation.  *See* WIS. STAT. § 767.59(1m) (the court may not revise child support amounts due, or arrearages accrued, prior to the date on which the

3

respondent is notified of the action, except to correct previous errors in calculation). The court calculated that Michael had paid $7722.05 in "overages" and credited this amount towards approximately $13,000 in arrears. This appeal followed.

## DISCUSSION

¶6 Lisa argues that the circuit court erred when it credited towards arrears that portion of child support payments attributable to Heidi after she had reached the age of majority but before Michael provided notice to Lisa of his motion to modify child support. *See* WIS. STAT. § 767.59(1c)(a), (1m). According to Lisa, § 767.59(1m) prohibits exactly this type of retroactive child support modification. Michael, in turn, points out that a court cannot order child support for an adult as a matter of law. *See* WIS. STAT. § 767.511(4); ***Poehnelt***, 94 Wis. 2d at 655-56. By implication, Michael argues, the child support order became "a nullity" to the extent that it required payments for Heidi once she reached the age of majority.

¶7 To resolve this issue, we turn to the relevant statute. WIS. STAT. § 767.59(1m), titled "Payment revisions prospective," states:

> In an action under [§ 767.59(1c)] to revise a judgment or order with respect to child support … the court may not revise the amount of child support … due, or an amount of arrearages in child support … that has accrued, prior to the date that notice of the action is given to the respondent, except to correct previous errors in calculations.

Our legislature enacted the precursor to this statute in 1987 so as to "eliminate[] the long-standing power of the Wisconsin courts to modify, reduce, or forgive accumulated support arrearages." ***Schulz v. Ystad***, 155 Wis. 2d 574, 595-96, 456 N.W.2d 312 (1990). In deference to this legislative prerogative, we have narrowly construed the statutory exception permitting modification for "previous errors in calculations," holding that "[t]he legislature, by using the term calculation, restricted

4

the court's authority to revise the amount of child support due or the amount of child support arrearages in mistakes of mathematical errors only." *See* **State v. Jeffrie C.B.**, 218 Wis. 2d 145, 149-50, 579 N.W.2d 69 (Ct. App. 1998). Thus, a court cannot retroactively alter a child support obligation to correct any non-mathematical mistake (for example, that the payer should have been subject to the lower rate applicable to a serial family payer, as was the case in **Jeffrie C.B.**). *See id.* at 147.

¶8 We conclude that the circuit court's modification of Michael's child support order was *not* akin to correcting a mathematical mistake. To the contrary, there was no error in the 2016 judgment: the ordered monthly amount properly reflected the fact that Michael then had three minor children. That judgment necessarily controlled in the absence of any motion to revise the child support obligation. *See* WIS. STAT. § 767.59(1c), (1f). Michael had the option of bringing such a motion in the months before Heidi reached the age of majority. His failure to do so does not constitute a "previous error[] in calculation[]." *See* § 767.59(1m). Thus, the circuit court improperly revised Michael's child support obligation retroactively, contrary to § 767.59(1m).[2]

¶9 In arguing otherwise, Michael relies on WIS. STAT. § 767.511(4), pursuant to which:

> The court shall order either party or both to pay for the support of any child of the parties who is less than 18 years old, or any child of the parties who is less than 19 years old

---

[2] We would reach the same result if Michael had no child support arrears (that is, if Michael were seeking a refund or were requesting that the amount he allegedly overpaid be credited towards future child support payments). WISCONSIN STAT. § 767.59(1m) only allows the court to modify child support *prospectively*, unless the court is correcting a mathematical error. **State v. Jeffrie C.B.**, 218 Wis. 2d 145, 149-50, 579 N.W.2d 69 (Ct. App. 1998).

Notwithstanding WIS. STAT. § 767.59(1m), subsec. (1r) allows the circuit court to credit the payer for payments made under specified circumstances; for example, where the parents resumed living together. Michael has not alleged that any condition in this subsection applies.

if the child is pursuing an accredited course of instruction leading to the acquisition of a high school diploma or its equivalent.

Michael correctly points out that, accordingly, "courts have no authority to *order* support for a child beyond the age of majority defined by statute." (Emphasis added.) It does not follow, however, that a valid child support order automatically becomes "a nullity" (as Michael argues) when one of the children covered by that order reaches the age of majority. Such occurrence might constitute "a substantial change in circumstances" justifying revision of the child support order, *see* WIS. STAT. § 767.59(1f), but the court's authority to do so is only triggered by "the petition, motion, or order to show cause of either of the parties" or various specified agencies, § 767.59(1c)(a). There is no statutory mechanism whereby the existing order is "nullified"; nor does the court, the state, or a child support agency have any related authority to unilaterally void the order or recalculate the support obligation.[3]

¶10 Michael further points to case law supporting the general premise that a court cannot order child support for an adult child. To the extent these cases concern support to a child who is already an adult, they are inapplicable to the facts before us. *See, e.g.*, **Poehnelt**, 94 Wis. 2d at 655 ("[I]n the absence of a known stipulation to the contrary, a court cannot order the payment of support for children

---

[3] Michael speculates as to how his case would be treated if the child support order delineated how much support were attributable to each child. It is not apparent why such wording would relieve Michael of his obligation to move to modify support, but in any event, these are not the facts before us, and we decline to address hypothetical scenarios. Michael further argues that it is unfair that, as a "payer for multiple children," he is treated differently than a parent with only one child to support. This argument is curious to us, since Michael *will* be treated the same as a parent with only one child to support *once his youngest child reaches the age of majority*. We see no unfairness or due process concern in the state's acting to terminate child support once the only (or youngest) child is above the age of majority, but not doing so when only one of multiple children ages out. In the former case, the child support obligation has ended. In the latter case, a "substantial change in circumstances" might warrant revisiting the support amount, but the obligation itself continues. *See* WIS. STAT. § 767.59(1f).

beyond the age of majority. The provision for continued support for a child who has reached the age of majority in a divorce judgment, or any modification thereof, is extrajudicial and a nullity." (citations omitted)); *see also **Roberta Jo W. v. Leroy W.***, 218 Wis. 2d 225, 230-36, 578 N.W.2d 185 (1998). To the extent these cases generally permit retroactive modification of a support award, they are overruled by the passage of WIS. STAT. § 767.59(1m), which, as explained above, eliminated the court's broad ability to retroactively modify child support or arrears accrued. *See, e.g.*, ***Poehnelt***, 94 Wis. 2d at 655-57 (holding that the defendant was entitled to a $2800 credit for a child support "overpayment" resulting from a mistake in the divorce complaint as to the date of two children's birthdays).

¶11 WISCONSIN STAT. § 767.59 provides the statutory mechanism for revising child support orders. That Michael waited two years to bring a motion under that section does not constitute an "error[] in calculation[]" authorizing a reduction in arrears. *See* § 767.59(1m). We remand to the circuit court with

instructions to reinstate the order of the family court commissioner denying Michael's request to be credited for "overpayments."[4]

*By the Court.*—Order reversed and cause remanded with directions.

---

[4] We agree with the State that accepting Michael's view of the law could create an administrative burden on child support agencies, which might become obligated to track when one of multiple children subject to a support order reached the age of majority and then notify the parents or petition the court to modify support. We further agree that a public policy problem could result if a parent were permitted to unilaterally reduce the child support obligation because one child had reached the age of majority, on the premise that any arrears incurred would thereby be forgiven. Certainly such a rule could adversely impact the welfare of the remaining minor children, for whom the support amount (once the credit or refund were issued) might be less than what they would otherwise receive or be entitled to. Moreover, by requiring a motion to modify support, our legislature enabled courts to revisit all relevant circumstances, such as changes in parental income, thereby ensuring that the remaining minor children receive the proper level of support. The requirement of a motion may also allow the court to revisit other issues that had been deferred pending the aging out of minor children. Here, for example, the divorce judgment determined that Michael could not then afford maintenance to Lisa, but the court held the matter open, it being "the court's intention to allow the parties to reconsider the maintenance issue as … Michael's[] child support obligation decreases over time as each of the children age out." We do not discuss Lisa's arguments more fully, or address Michael's responses to them, because the statutes and case law control the disposition of this appeal.