COURT OF APPEALS
DECISION
DATED AND FILED

April 28, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP916**

STATE OF WISCONSIN

Cir. Ct. No. 2014FA3061

IN COURT OF APPEALS
DISTRICT I

IN RE THE MARRIAGE OF:

BRIAN DEVENDORF,

    PETITIONER-APPELLANT,

V.

JULIE DEVENDORF,

    RESPONDENT-RESPONDENT,

STATE OF WISCONSIN,

    RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: T. CHRISTOPHER DEE, Judge. *Affirmed*.

Before Colón, P.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Brian Devendorf appeals an order denying his request to retroactively modify his child support obligations and requiring him to pay attorney's fees. For the reasons discussed below, we reject Brian's arguments and affirm.

## BACKGROUND

¶2 Brian and Julie divorced on January 8, 2015. The parties stipulated to a Marital Settlement Agreement (the "Agreement"), which states in pertinent part:

> The parties agree that [Brian] shall pay to [Julie] the family support commencing January 1, 2015 in the sum of $5,200.00 per month. Said sum shall be includable in income to [Julie] and deductible by [Brian]….
>
> The parties agree that the family support payments to be paid by [Brian] to [Julie] shall be for a period of five (5) years with the last payment ending in the month of December of 2019. At said time [Brian's] obligation shall convert to a child support only payment unless specifically agreed between the parties.

Additionally, the Agreement states that Julie had the right to claim the children as dependents for tax purposes and "upon the termination of the family support order … the issue of the allocation of the dependency exemptions shall be subject to further court order review."

¶3 The parties dispute as to what occurred when the family support payments were concluding at the end of 2019. Brian contends that a discussion took place between the parties that led to an agreement that he would continue to pay family support at the rate of $5,200 per month. Julie denies such a

conversation occurred. Julie asserts that she had a discussion with the child support agency, and was advised that the $5,200 payment would automatically convert to child support.

¶4 In the summer of 2022, Brian received a Notice of Audit from the Internal Revenue Service challenging his deduction of the $5,200 payments and requesting a greater amount of taxes. As a result, Brian realized that Julie was no longer claiming the payments as income.

¶5 In September 2022, Brian filed a motion seeking "a child support determination retroactive to the date of termination of family support," credit for the "overpayment of support," and any other relief the court "deems just and proper."

¶6 A hearing took place before a family court commissioner. The commissioner set child support at $4,419 per month effective October 2022, and took under advisement whether or not a child support determination could be made retroactively.

¶7 Subsequently, Brian brought another motion, which included a request to claim each of the minor children as dependents for tax purposes.

¶8 In February 2023, the family court commissioner issued a decision finding that any verbal agreements between Brian and Julie that were not reduced to writing or confirmed by both parties were not enforceable. The commissioner found that the $5,200 family support payments ended in 2019 and then converted to child support payments. The commissioner found that Brian failed to file a motion for relief in 2020 and 2021, thus, no modification of support could be granted for those years. The commissioner stated that Brian's decision to treat the

$5,200 monthly payments as family support without a court order was error and Brian was responsible for any tax implications.

¶9    Brian sought de novo review in the circuit court and after briefing, a hearing was held. The circuit court found that the Agreement required Brian to pay $5,200 per month in child support and that Brian's request to retroactively change his support obligations was prohibited by WIS. STAT. § 767.59(1m) (2023-24)[1] and *State v. Jeffrie C.B.*, 218 Wis. 2d 145, 579 N.W.2d 69 (Ct. App. 1998). The court deferred ruling on the tax credit issue and a request from Julie for attorney's fees.

¶10    At the next hearing, the court awarded Brian the right to claim the minor children as dependents starting in the 2023 tax year. The court, however, denied Brian's request to retroactively claim the children for tax purposes after the family support order ended in 2019. The court also ordered attorney's fees for $5,524.77 to Julie based on the overtrial doctrine. *See Ondrasek v. Ondrasek*, 126 Wis. 2d 469, 484, 377 N.W.2d 190 (Ct. App. 1985). The court stated that there was not any basis in law or fact to support the retroactive modification of child support and the terms of the Agreement were "quite clear."

¶11    Brian now appeals. Additional relevant facts are referenced below.

## DISCUSSION

¶12    Brian makes three primary arguments on appeal. We address each argument in turn.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

¶13     First, Brian contends that the circuit court erroneously construed the Agreement to require child support in the amount of $5,200.  As we understand, Brian argues that the amount of child support was left open and the circuit court was required to determine the appropriate amount.  Thus, according to Brian, there was not a child support order to retroactively modify.

¶14     This requires us to interpret the language of the Agreement, which is a contract subject to independent review.  *Winters v. Winters*, 2005 WI App 94, ¶15, 281 Wis. 2d 798, 699 N.W.2d 229.  When the language of a contract is unambiguous, the contract is construed "as it stands" and we do not "resort to extrinsic evidence to construe its meaning."  *Id.*  A contract is ambiguous if it is "reasonably susceptible to more than one meaning."  *Id.*

¶15     Here, the Agreement states that "[t]he parties agree that [Brian] shall pay to [Julie] the family support commencing January 1, 2015 in the sum of $5,200.00 per month."  The Agreement further provides that the last payment ends in December 2019 and "[a]t said time, [Brian's] obligation shall convert to a child support only payment unless specifically agreed between the parties."  As the circuit court found, the plain language of the Agreement unambiguously provides that upon the conclusion of family support in 2019, the $5,200 would convert to child support.  Brian had the ability to file a motion to request a modification at that time, but did not do so until 2022.  In the absence of a mathematical error, child support cannot be retroactively modified.  *See* WIS. STAT. § 767.59(1m) (stating that a court may not revise a child support order "prior to the date that notice of the action is given to the respondent, except to correct previous errors in calculations"); *Jeffrie C.B.*, 218 Wis. 2d at 150 (holding that WIS. STAT. § 767.32,

which was later renumbered to § 767.59, limits a circuit court's authority to retroactively revise child support to mathematical errors).[2]

¶16    Second, Brian contends that the circuit court erred by not awarding him the right to claim the children as dependents for tax purposes in 2020 and 2021. Brian concedes that the dependent exemption is a component of child support. As stated above, Brian had the option to file a motion seeking modification of child support, but did not do so. The circuit court did not have authority to retroactively modify the dependent exemption allocation for 2020 and 2021.

¶17    Third, Brian contends that the circuit court erred in ordering him to pay $5,424.17 in attorney's fees to Julie.

¶18    The overtrial doctrine may be invoked in family law cases when one party's unreasonable approach to litigation causes the other party to incur extra and unnecessary fees. *Zhang v. Yu*, 2001 WI App 267, ¶13, 248 Wis. 2d 913, 637 N.W.2d 754. Whether excessive litigation has occurred is a mixed question of law and fact. *Id.*, ¶11. The circuit court's factual findings will be accepted unless clearly erroneous, but whether the facts constitute unreasonably excessive litigation is a question of law reviewed independently. *Id.* Whether to award fees and the reasonableness of the fees are reviewed for an erroneous exercise of discretion. *Id.*, ¶12.

---

[2] Notwithstanding WIS. STAT. § 767.59(1m), subsec. (1r) allows the circuit court to credit the payer for payments made under certain conditions. Brian does not allege that any of the conditions in this subsection applies. Accordingly, we do not address this subsection further.

¶19    Brian contends that there was not an overtrial and his argument was not frivolous. Brian repeats his argument that the circuit court incorrectly analyzed Brian's requests as a retroactive modification of child support and asserts that there were not multiple days of trial or extra preparation required. As discussed above, we reject Brian's arguments and conclude that the circuit court properly denied his requests. Further, while it is true that Brian did not have a trial, Brian was provided ample notice early on that there was not a legal basis to retroactively modify child support, nonetheless, he opted to continue to pursue review in the circuit court.[3]

¶20    Therefore, for all of the reasons above, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] We note that Julie requests additional attorney's fees for this appeal in her response brief. WIS. STAT. RULE 809.25(3). A request in a response brief for costs and fees is not sufficient. *Townsend v. Massey*, 2011 WI App 160, ¶28, 338 Wis. 2d 114, 808 N.W.2d 155. Rather, RULE 809.25(3) requires "[a] motion for costs, fees, and attorney fees[.]"